ALD-030                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2806
_____

IN RE:  KUDZAI SHONHAI,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Civ. No. 3:24-cv-00229)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 6, 2025

Before:  SHWARTZ, FREEMAN, and CHUNG, <u>Circuit Judges</u>

(Opinion filed November 17, 2025)
_____

OPINION[*]
_____

PER CURIAM

 Petitioner Kudzai Shonhai, a citizen of Zimbabwe, is currently a detainee in the

custody of the United States Department of Homeland Security (DHS), Immigration and

Customs Enforcement (ICE).[1]  In February 2024, Shonhai filed a petition for a writ of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] Shonhai's petition for review of a final removal order is pending in this Court.

habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. He claimed that his prolonged detention violated his due process rights and asked the District Court to order DHS to provide him with an individualized bond hearing. In February 2025, the District Court granted the petition. Following a hearing later that month, an Immigration Judge (IJ) determined that DHS had shown by clear and convincing evidence that Shonhai poses a danger to the community and is a significant flight risk. The IJ thus declined to set bond.

In March 2025, Shonhai returned to the District Court and filed an emergency motion to enforce the writ, arguing that the IJ had not conducted a legally sufficient hearing. DHS filed a response in opposition to the motion to enforce. In September 2025, Shonhai filed a motion to compel DHS to provide him a copy of the audio recording of the bond hearing.

Shonhai then filed a petition for a writ of mandamus in this Court, alleging extraordinary delay in the adjudication of his motion to enforce.

A writ of mandamus is a drastic remedy that is available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain the writ, Shonhai must show that he has no other adequate means to obtain relief and that he has a clear and indisputable right to the writ. Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotations and citation omitted). A writ of mandamus may be warranted where "undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

We cannot conclude that the District Court has failed to exercise jurisdiction or that its actions otherwise warrant the extraordinary remedy of mandamus. After Shonhai filed this mandamus petition, the District Court granted his motion to compel and directed DHS to file a transcript of the bond hearing. DHS has now done so. We are confident that the District Court will decide the motion to enforce in due course.

We will thus deny Shonhai's mandamus petition without prejudice to his filing another mandamus petition if the District Court does not act without undue delay.[2]

---

[2] The motion for appointment of counsel is denied.